## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 25-202-2 (RJL) |
| | ) | |
| BAZILE RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

August 29, 2025 [Dkt. #20]

Defendant Bazile Richardson ("Richardson" or "defendant") was arrested in Houston, Texas on July 23, 2025, on one count of conspiracy to violate the International Emergency Economic Powers Act, in violation of 50 U.S.C. § 1705. On July 29, 2025, a magistrate judge in the Southern District of Texas granted the Government's motion for pretrial detention and ordered Richardson detained pending trial. Richardson now appeals and seeks revocation of the magistrate judge's detention order. *See* Def. Mot. [Dkt. #20]. For the reasons stated on the record and those set forth below, the Court granted Richardson's motion. *See* Min. Entry (August 27, 2025).

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, the Government bears the burden of demonstrating that pretrial detention is warranted. "[W]hen the government seeks pretrial detention of an individual on the ground that he poses a risk of flight, the standard it must satisfy is a 'preponderance of the evidence.'" *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996) (per curiam) (quoting *United States v. Simpkins*, 826 F.2d

94, 96 (D.C. Cir. 1987)). Where detention is based on a defendant's danger to other people or the community, the clear and convincing standard applies. *See United States v. Munchel*, 991 F.3d 1273, 1279–80 (D.C. Cir. 2021). In assessing whether pretrial detention is warranted, the Court considers: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Reviewing the magistrate judge's detention decision *de novo*, the Court holds that the Government has not demonstrated that "no condition or combination of conditions will reasonably assure" the safety of the community or defendant's appearance if he is released. *Id.* § 3142(e)(1); *see United States v. Chrestman*, 525 F. Supp. 3d 14, 23–25 (D.D.C. 2021) (explaining the reasons for *de novo* review).[1] With respect to the first two factors, *see* 18 U.S.C. §§ 3142(g)(1), (2), Richardson is charged with violating economic sanctions against Jimmy Cherizier, a "Specially Designated National," by funding this leader of armed gangs in Haiti. *See generally* Indictment [Dkt. #5]. The pending charge against Richardson is serious, and the Government has proffered that its evidence against the defendant is voluminous. Still, "the history and characteristics of" Richardson and "the nature and seriousness of the danger of any person or the community that would be posed by the person's release" favor release. *See* 18 U.S.C. §§ 3124(g)(3), (4). Richardson is a

---

[1] Since the Court holds that the Government has not demonstrated that Richardson is a danger to the community or a flight risk, I do not reach the issue of whether it was erroneous for the magistrate judge to detain Richardson solely based on dangerousness. *See* Def. Mot. at 5–9.

naturalized United States citizen; his wife, children, mother, and siblings live in the United States; and he is a self-employed truck driver in the United States. Moreover, Richardson has no criminal convictions, no mental health problems, and no substance abuse issues. An overall balancing of the factors favors Richardson's release with reasonable conditions.

The Government's arguments to the contrary are speculative. *See* Gov't Opp'n [Dkt. #21] at 11–14. While the Government alleges that Richardson supports violence in Haiti, that is not sufficient to show by clear and convincing evidence that is he a danger to the community here. Even assuming Congress intended pretrial detention to protect other persons abroad (and the Court has serious doubts as to that fact), prohibiting defendant from engaging in all contact with Cherizier should cease the defendant's troubling communications. Further, that Richardson was born in Haiti and maintains ties there is not sufficient to demonstrate by a preponderance of the evidence that no set of pretrial release conditions will reasonably ensure Richardson's appearance. Richardson's personal ties to the United States—including his wife and small children—suggest that reasonable conditions of release will ensure his appearance.

For these reasons, and those stated on the record, the Court granted the defendant's motion to revoke the detention order and ordered conditions of release. *See* Order Setting Conditions of Release [Dkt. #24].

RICHARD J. LEON
United States District Judge

3